IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTMARK LIFE INSURANCE COMPANY and DISABILITY REINSURANCE MANAGEMENT SERVICES, INC., | ) ) ) ) |
| Plaintiffs, | ) No. 08 C 6960 |
| v. | ) ) ) |
| RANDOLPH M. HIBBEN, WINTRUST FINANCIAL CORPORATION, and WINTRUST EMPLOYEE WELFARE BENEFIT PLAN, | ) Magistrate Judge ) Arlander Keys ) ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Defendant Randolph Hibben was employed by Lake Forest Bank &
Trust Company (an affiliate of Wintrust Financial Corporation) as
its Chairman and Chief Executive Officer. His employment
agreement with the Bank provided, among other things, that, if he
became permanently disabled, the Bank had the right to terminate
his employment. If the Bank chose to exercise that right, the
agreement further provided that it was required to pay him
continuing salary benefits for 24 months, beginning on the first
payroll period after the termination.

In addition to his employment agreement, Mr. Hibben was
eligible for benefits under an employee welfare benefit plan.
Mr. Hibben participated in the Wintrust Employee Welfare Benefit
Plan, an employee welfare benefit plan for purposes of ERISA,
which promised to participants, among other things, long term
disability benefits. Those benefits were governed by a group

Long Term Disability Master Policy (number 71111), which was issued to Wintrust by Trustmark and was administered by Disability Reinsurance Management Services (DRMS). The Trustmark-issued policy provided that, if Mr. Hibben became disabled, he would receive 60% of his basic monthly earnings, up to a maximum of $10,000 per month. But, under the terms of the policy, his benefits would be reduced by amounts he received or was eligible to receive from "formal or informal salary continuation."

Unfortunately, Mr. Hibben became disabled in December 2007. As a result, the Bank terminated his employment on April 18, 2008, and (at least according to the allegations in the complaint) began making the continued salary payments, as provided in the employment agreement. Mr. Hibben also received benefits under the long term disability insurance policy issued by Trustmark - and no one disputes that he was entitled to receive benefits under that policy. But DRMS (the claims administrator) determined that the benefits Mr. Hibben received from the Bank pursuant to his employment agreement constituted "formal and informal salary continuation payments," and it further determined, based upon that assessment, that any benefits he received under the Trustmark-issued policy, should be reduced by the amount of those salary continuation payments. Mr. Hibben disagreed with DRMS's determination and appealed, but DRMS

rejected his appeal, standing firm on its initial decision that
benefits should be reduced. It is undisputed that Mr. Hibben
exhausted the administrative review process spelled out in the
Trustmark-issued policy.

On December 4, 2008, Trustmark and DRMS filed suit in the
United States District Court for the Northern District of
Illinois, seeking a declaratory judgment confirming that they
correctly interpreted the policy and are entitled to reduce Mr.
Hibben's disability benefit payments by the continuing salary
payments paid by the Bank. They named as defendants Mr. Hibben,
Wintrust Financial Corporation and the Wintrust Employee Welfare
Benefit Plan. The parties consented to proceed before a United
States Magistrate Judge, and the case was reassigned to this
Court on April 8, 2009. The case is currently before the Court
on defendants' motion to dismiss, which has now been fully
briefed and then some; indeed, the plaintiff filed a sur-reply
and the defendants a sur-sur-reply.

The defendants argue that the complaint should be dismissed
for failure to state a claim, pursuant to Federal Rule of Civil
Procedure 12(b)(6). More specifically, they argue that the
complaint, which purports to seek a declaration of rights and
obligations under ERISA, is really nothing more than a simple
contract dispute, having nothing to do with the interpretation or
application of any ERISA provision. The plaintiffs disagree,

arguing that the allegations of the complaint reflect an actual
controversy that is governed by ERISA and that plaintiffs are
fiduciaries of Mr. Hibben's employee benefit plan.

Dismissal under Rule 12(b)(6) is proper when "it is clear
that no relief could be granted under any set of facts that could
be proved consistent with the allegations." *Weizeorick v. Abn
Amro Mortgage Group, Inc.*, 337 F.3d 827, 830 (7th Cir. 2003).
When considering a motion to dismiss under Rule 12(b)(6), the
Court looks to the sufficiency of the complaint: the Court
accepts all well-pled allegations as true, and draws all
reasonable inferences in favor of the plaintiff. *See, e.g.,
Jackson v. E.J. Brach Corp.*, 176 F.3d 971, 977-78 (7th Cir.1999).
The Court does not ask whether Plaintiffs will ultimately
prevail; rather, it asks whether Plaintiffs are entitled to offer
evidence to support their claims against Defendants. *E.g., Smith
v. Cash Store Mgmt., Inc.*, 195 F.3d 325, 327 (7th Cir. 1999).

The Court turns first to the question of whether the
complaint properly invoked federal question jurisdiction.
Fundamentally, is this, as the defendants suggest, really just a
contract dispute – in which case subject matter jurisdiction is
lacking? Or is it, as the plaintiffs have alleged, properly
before the court on a federal question involving ERISA?

Initially, fiduciaries of an ERISA plan are statutorily
authorized to sue to obtain "appropriate equitable relief," and

4

declaratory judgments may fall under this umbrella. *See* 29
U.S.C. § 1132(a)(3)(B); *Newell Operating Co. v. International
Union of Automobile, Aerospace & Agricultural Implement Workers
of America*, 532 F.3d 583, 588 (7th Cir. 2008)(citing *Spitz v.
Tepfer*, 171 F.3d 443, 449-50 (7th Cir. 1999). But are the
plaintiffs fiduciaries?

In *Health Cost Controls of Illinois v. Washington*, 187 F.3d
703, 709-710 (7th Cir. 1999), the Seventh Circuit determined that
the plaintiff, the plan's assignee, was an ERISA fiduciary for
purposes of that action – a declaratory judgment action seeking
primarily a declaration that money deposited by a third party in
an escrow account belonged to it, and not to the defendant (the
employee and plan participant). Noting that an ERISA fiduciary
is "anyone who has substantial control over the assets,
management, or administration of an ERISA plan, the court found
it significant that Health Cost was hired by the plan to
administer its claims for reimbursement, and that, in doing so,
it was given and it exercised considerably more discretion than,
for example, the plan's lawyers. *Id.* at 709 (citing 29 U.S.C.
§1002(21)(A); *Lockheed Corp. v. Spink*, 517 U.S. 882, 890-91
(1996); *Varity Corp. v. Howe*, 516 U.S. 489, 502-03 (1996)).
Based upon the allegations of the complaint, it would seem that
DRMS exercises a similar degree of discretion over Wintrust's
plan claims – at least those involving benefits under the

5

Trustmark-issued policy, which is alleged to be part of the Plan. Accordingly, the Court finds that, at least at this point, the allegations are sufficient to establish the plaintiffs as fiduciaries.

But that does not end the inquiry. Federal courts do not have jurisdiction over *every* suit for equitable relief by an ERISA fiduciary. *See, e.g, Newell,* 532 F.3d at 588-89. Where, as here, declaratory relief is sought "in order to block an expected suit by the declaratory-relief defendant, the jurisdiction of the district court depends on whether the court would have jurisdiction over that suit." *Primax Recoveries, Inc. v. Sevilla,* 324 F.3d 544, 548 (7th Cir. 2003)(citing *Public Service Commission v. Wycoff Co.,* 344 U.S. 237, 248 (1952); *Ameritech Benefit Plan Committee v. Communication Workers of America,* 220 F.3d 814, 818-19 (7th Cir. 2000)). Here, if Mr. Hibben had sued Trustmark and DRMS to recover the amount of the withheld benefits, his claim would unquestionably fall within the purview of ERISA, 29 U.S.C. §1132(a)(1), and this Court would unquestionably have jurisdiction of his claim. Accordingly, the Court has jurisdiction of the declaratory judgment action as well.

Finally, the Court considers the defendants' argument that, under no circumstances, would the plaintiffs be entitled to an award of attorneys' fees. Actually, ERISA says otherwise. In

6

light of the Court's rulings above, under 29 U.S.C. 1132(g), the plaintiffs could very well be entitled to a reasonable attorney's fee.

## CONCLUSION

For the reasons explained above, the Court finds that the plaintiffs' complaint does state a claim upon which relief may be granted. Accordingly, defendants' motion to dismiss the complaint under Rule 12(b)(6) [#17] is denied.

Date: June 12, 2009

ENTER:

ARLANDER KEYS
United States Magistrate Judge

7